McGEE, Chief Judge.
I. Procedural History
This action was initiated when four county boards of education submitted to Director Steven C. Toole ("Director Toole"), Director of the Retirement Systems Division (the "Division") of the Department of State Treasurer, a "Petition for Rule Making," dated 18 October 2016, which read in part:
Pursuant to [N.C. Gen. Stat.] § 150B-20 and 20 [N.C. Admin.] Code 01F.0103, the Johnston County Board of Education, Wilkes County Board of Education, Union County Board of Education, and Cabarrus County Board of Education petition the Board of Trustees [ (the "Board") ] of the Teachers' and State Employees' Retirement System [ ("TSERS") ] to adopt a rule establishing the cap factor for the contribution based benefit cap required by G.S. 135-5(a3).
The Board had last adopted a cap factor on 23 October 2014, amended on 22 October 2015 and, according to the Union County Board of Education ("Petitioner"), "[i]n both instances the cap factor was adopted by simple motion in a regular board meeting, and without following the rule making procedures in Article 2A of the" Administrative Procedure Act (the "APA").
The State Treasurer at that time, Janet Cowell ("Treasurer Cowell"), by letter dated 8 November 2016, informed Petitioner that the Board had denied its "Petition for Rule Making." Petitioner filed a "Petition for Judicial Review" of Treasurer Cowell's decision with the Superior Court, Union County, on 9 December 2016, in which it named as respondents the Board, along with Treasurer Cowell and Director Toole, in their official capacities only ("Respondents").[1] The other three Boards of Education also petitioned, separately, for judicial review and, along with petitions of review from denials of requests for declaratory rulings by the Division, filed separately by all four of the above named Boards of Education, this case was designated "exceptional" pursuant to Rule 2.1 of the General Rules of Practice for the Superior Courts. Venue was transferred to Wake County, and Judge James E. Hardin, Jr. was assigned to hear all eight cases, including the present case.[2] Petitioner moved for summary judgment on 25 April 2017, the matter was heard on 10 May 2017, and the trial court granted summary judgment in favor of Petitioner by judgment entered 30 May 2017. Respondents appeal.
II. Facts
In 2014 the General Assembly enacted new legislation (the "Act")[3] impacting the retirement benefits of certain State employees covered by TSERS ("members"). 2014 N.C. Sess. Laws 88, sec. 1.(a). The purpose of the Act, in relevant part, was to "adopt a contribution-based benefit cap factor" (the "cap factor"), in order to limit retirement benefits paid by TSERS for certain members whose benefits would have otherwise been significantly inflated because their salaries were substantially greater in their final years of State employment than their salaries for the majority of their earlier State employment. N.C. Gen. Stat. § 135-5(a3) (2017).[4]
Dr. Mary B. Ellis ("Dr. Ellis") was superintendent of Petitioner for a period of time until her retirement. Because of Dr. Ellis' employment history with the State, she was eligible for TSERS retirement benefits, but she was also subject to having her benefits capped pursuant to the provisions of the Act. When Dr. Ellis retired, the Division informed her and Petitioner that, pursuant to the Act, a contribution of $512,867.01 would be required to restore Dr. Ellis' benefits to their "uncapped amount." N.C. Gen. Stat. § 135-4(jj) (2015).[5] Petitioner submitted this amount to the Division on behalf of Dr. Ellis, but also initiated this action, as indicated above, for review of the Board's refusal to adopt a cap factor pursuant to the rule making provisions of the APA. Additional facts may be found in Cabarrus Cty. Bd. of Educ. v. Dep't of State Treasurer , --- N.C. App. ----, --- S.E.2d ---- (2018) (COA17-1017), which is filed concurrently with this opinion.
III. Holding
Our holdings in Cabarrus Cty. determine the outcome of the present opinion. For the reasons stated in Cabarrus Cty. , we affirm the trial court's grant of summary judgment in favor of Petitioner. Id.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and STROUD concur.

By the time of the order granting summary judgment, Dale R. Folwell had become the State Treasurer, and he has been substituted as a named Respondent.

The eight cases heard by Judge Hardin, now before us on appeal, are COA17-1017, COA17-1018, COA17-1019, COA17-1020, COA17-1021, COA17-1022, COA17-1023, and COA17-1024.

"AN ACT to enact anti-pension-spiking legislation by establishing a contribution-based benefit cap[.]" 2014 N.C. Sess. Laws 88, sec. 1.(a).

This is a simplified and incomplete explanation of the Act, but an in-depth explanation is not required for our analysis of the issues on appeal.

The 2015 version of N.C.G.S. § 135-4(jj) includes relevant language that was in effect at the time summary judgment was entered. Because this language was later changed, we cite the earlier version of the statute.